SUCCESSORS OF L. VILLAMIL & Co., *S. en C.*, Intervener and Appellant, *v.* ETELVINA PACHECO ET AL., Defendants and Appellees.

No. 6333. Argued November 20, 1934.—Decided July 11, 1935.

R. *Castro Fernández* for appellant. *González Fagundo & González, Jr.*, for appellees.

MR. JUSTICE ALDREY delivered the opinion of the court.

This appeal was taken by Successors of L. Villamil & Co., *S. en C.*, from a judgment rendered by the District Court of Humacao dismissing its complaint in intervention *(tercería)*.

Successors of L. Villamil & Co., *S. en C.*, and José B. Méndez signed on June 16, 1926, a contract whereby the former conditionally sold to the latter a "Mack" truck for the sum of $6,650, of which the purchaser paid $997.75 in cash, and agreed to pay the balance amounting to $5,652 in twenty-three monthly instalments of $245.75 each for which the purchaser was to execute promissory notes payable to order with interest at the rate of 9 per cent per annum and to be secured by Juan Méndez Santiago. On May 16, 1928, the full purchase price should have been paid, but it was not so paid, for Méndez was then owing the sum of $2,383.73, and on that same day the parties entered into a new contract of conditional sale whereby the purchaser paid $283.73 in cash and agreed to pay the remaining $2,100 in fourteen

monthly instalments, the amount of which was reduced from $245.75 to $150 each. In this new contract the security of Juan Méndez Santiago is not demanded. The first contract was registered three days after it was made and the second three months after it was signed. Méndez also failed to pay the new instalments, and on September 27, 1928, he signed and delivered a letter to Successors of L. Villamil & Co., stating that since the occurrence of the hurricane that had just struck the Island, his business was completely paralyzed and that this prevented him from paying the instalments due on the truck, for which reason he had decided to deliver back the same so that the vendor might collect the $2,030 due, and to that end he was delivering the license of the truck duly endorsed to the vendor and requested the latter to do everything possible to obtain something over and above the amount of his indebtedness, as his financial situation was very precarious. On September 27, 1928, Méndez stated on the back of the license that the possession and ownership of the truck had passed to Successors of L. Villamil & Co. According to the testimony of Pedro A. Pizá who was in charge of the sale of the trucks of Successors of L. Villamil & Co., and to that of José B. Méndez, the truck was delivered in satisfaction of the debt. This vehicle was delivered by Villamil to Francisco Vega of Caguas for trial as the latter was seeking to buy it and while in the possession of Vega it was attached, on November 8, 1928, by Etelvina Pacheco to secure a judgment which she had obtained in an action for damages against José B. Méndez. Successors of L. Villamil & Co. then presented the complaint in intervention which has given rise to the present appeal, and requested the delivery of said truck as the same belonged to it. José B. Méndez did not answer that complaint, but Etelvina Pacheco did so, admitting the execution of the two contracts of conditional sale of June 16, 1926, and May 16, 1928, but alleging that the second contract was simulated and that at the time of its execution the truck already belonged

exclusively to José B. Méndez, who was in possession of the same and used it in his business as the owner thereof. After a trial was held, judgment was rendered dismissing the complaint in intervention, with costs.

Although the appellant assigns six errors, the last of which refers to the imposition of costs, and the remaining five to the evidence, we may consider and decide them jointly.

█ █ At the trial the plaintiff proved all the above facts and the defendant Etelvina Pacheco presented no evidence tending to show that the second contract of conditional sale of May 16 was simulated. The district court did not expressly state in the opinion delivered as a basis for its judgment that said contract was simulated as alleged by the defendant, but confined itself to casting a cloud over the agreement as if thereby it could be concluded that the same was in fact simulated because it was not required therein that the promissory notes be secured, as was done in the first contract; because the contract of May was not recorded until August; and because the transfer of the truck by Méndez to Villamil on September 27 was not recorded until the 9th of November, that is, on the day following the levy of the taxes.

The fact that the new promissory notes, unlike the former notes, were not secured is of no importance, because the original indebtedness amounting to $5,652.25 had been reduced to $2,100, and because the testimony given by José B. Méndez, on cross-examination by the defendant at the trial, shows that although his cousin, Juan Méndez Santiago, was solvent at the time the first contract was entered into on June 16, 1926, he was insolvent when the second contract was executed on May 16, 1928, as his property had been attached by the Banco Territorial y Agrícola de Puerto Rico; besides, Mr. Pizá testified that the security was of no importance to the Villamil concern, which confirms the fact that payment of the notes for $2,383.73 pertaining to the first con-

tract on which José B. Méndez had defaulted, was not demanded from the surety, Juan Méndez Santiago. Nor is it a sign of simulation that the second contract, the execution of which was admitted by the defendant, was not recorded until three months after it was made, for on the contrary simulated contracts are generally the ones that are recorded immediately after their execution, apart from the fact that Villamil was secured with the registration of the first contract. Fraud or simulation, in order to be declared as such by the courts, must be established by strong and convincing evidence, and the suspicions and conjectures on which the lower court based its judgment are insufficient to hold that such simulation existed. On the other hand, even if the second contract were simulated, the first one would remain in force and Villamil would still continue to be the owner of the truck, since Méndez failed to pay the full price thereof, and there was no evidence to the contrary. Finally, the truck was not in the possession of Méndez at the time of the attachment but in the hands of Francisco Vega, to whom Villamil had delivered it on trial.

For the reasons stated, as the truck did not belong to José B. Méndez but to Succrs. of L. Villamil & Co. at the time of the attachment, the judgment appealed from must be reversed and another rendered instead sustaining the complaint in intervention, without special imposition of costs.